IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,           )
                                    )
      Plaintiff,                    )
                                    )
                                    )
      v.                            )          No. 15 CR 243
                                    )
                                    )
Robert Allegra,                     )
                                    )
      Defendant.                    )

Memorandum Opinion and Order

Long after the conclusion of his criminal case, defendant Robert Allegra has moved to compel the government to turn over materials from the grand jury which indicted him. I deny that motion.

**I.**

In April 2015, Allegra was indicted for one count of violation of Attempted Possession with Intent to Distribute a Controlled Substance. 21 U.S.C. §§ 841(a)(1) (possession), 846 (attempt). The indictment alleged an attempt to possess with intent to distribute five or more kilograms of cocaine. The factual basis for the charge was a plan formulated by Allegra and a confidential informant for the government. Allegra was a pilot, and he was to

1

fly suitcases containing forty-five kilograms of cocaine from California to Illinois. In March 2015, Allegra met with the informant to go over logistics and then again to take a $30,000 cash advance for the job. He finally, at the end of the month, flew from Illinois to California in order to pick up the suitcases, at which point he was arrested. During an interview following his arrest, Allegra admitted to his knowing participation in the scheme. He also alluded to having made flights for what he suspected to be members of international drug cartels, although he reported that he had studiously avoided confirming that these passengers were transporting narcotics.[1]

In July 2016, Allegra pled guilty pursuant to a plea agreement in which he admitted to the March 2015 attempt to transport forty-five kilograms of cocaine for the purposes of distribution. ECF 52 at 2-4. On July 19, 2017, I sentenced Allegra to a prison term of sixty-five months, with three years of supervised release to follow, alongside a five-hundred-thousand dollar fine. There

---

[1] Because the federal officers who conducted this interview ignored Allegra's requests for a lawyer about halfway through their conversation, I granted a motion to suppress many of Allegra's inculpatory statements, including all of those in which he alluded to participation in previous drug trafficking schemes. *See generally United States v. Allegra*, 187 F. Supp. 3d 918 (N.D. Ill. 2015).

ensued several years of civil litigation between Allegra and the government in attempts to satisfy the fine.

In July 2018, Allegra filed a motion to reduce his sentence pursuant to 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel at his sentencing. Given that petitions for writs of *habeas corpus* must take place as civil proceedings, I directed the clerk to open one and directed Allegra and the government to litigate his petition at that docket. I eventually denied Allegra's petition, finding that between the three attorneys who represented him at sentencing, he had received adequate assistance under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *Allegra v. United States*, Dkt. No. 1:18-CV-5061, ECF 13 at 1–3 (N.D. Ill. Sep. 25, 2018).

Two years later, in November 2020, Allegra filed a motion for relief from judgment in the same civil proceeding, advancing the argument, germane to the current motion, that the judgments in that case and in his original criminal case (that is, this case) were void pursuant to Federal Rule of Civil Procedure 60(b)(4). The government had obtained an indictment for possession with intent to distribute cocaine, but, and this is the crux of Allegra's argument both in that motion and here, there was never any cocaine in the suitcases that Allegra attempted to traffic. *See Allegra*, Dkt. No. 1:18-CV-5061, ECF 22 at 5–8 (N.D. Ill. Nov.

3

12, 2020). I denied that motion because, among other reasons, the statutes under which Allegra was convicted, 21 U.S.C. §§ 841 and 846, criminalize both actual and attempted possession of cocaine.

Several months later, in 2021, Allegra filed another petition for a writ of *habeas corpus*, this time in the Eastern District of Michigan (where he was incarcerated), pursuant to 28 U.S.C. § 2241.[2] Allegra's petition *stated* that his argument was that he was actually innocent of his charged offense and that the government had both fabricated evidence against him and entrapped him. But despite those different legal labels, Allegra's actual argument was basically the same as in his prior Rule 60 motion—that he had been convicted of attempting to traffic cocaine when no cocaine ever really existed. *See Allegra v. Hemingway*, Dkt. No. 2:21-CV-11143-TGB-APP, ECF 1 at 5–10 (E.D. Mich. Apr. 22, 2021). For reasons specific to the *habeas corpus* context, the district court

---

[2] Under the 1996 Antiterrorism and Effective Death Penalty Act, Pub. L. 104–132, prisoners in federal custody generally must seek relief under 28 U.S.C. § 2255, and they generally must seek it from the court which sentenced them. But, pursuant to Section 2255's "savings clause," they may seek relief under 28 U.S.C. § 2241 if a petition under Section 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). *See* Section III.A., *infra*, for more on this topic.

in Michigan found that it lacked jurisdiction to hear Allegra's claim and dismissed his petition.[3]

Four years later, after Allegra's terms in prison and on supervised release had expired, he filed another, counseled, petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, in the instant case. In the petition, Allegra averred that he would raise improper venue and prosecutorial misconduct in a "[s]upporting memo [to] follow," but he never filed such a memorandum. ECF 256 at 7. I struck that petition, reminding Allegra by minute entry that *habeas* petitions must be filed as civil actions, not as motions in the original criminal case.

As far as I can tell, Allegra never filed another *habeas* petition, but he did file, in August 2025, a motion seeking his bill of indictment and related grand jury transcripts. I directed the government to respond to that motion by September 12, 2025. The government failed to respond. Allegra then moved to compel

---

[3] The ground Allegra cited for filing under Section 2241 rather than Section 2255 was "actual innocence," even though, as I will discuss in Section II, below, his arguments really went to factual impossibility. *Allegra v. Hemingway*, Dkt. No. 2:21-CV-11143-TGB-APP, ECF 1 at 5–10 (E.D. Mich. Apr. 22, 2021).

Because Allegra admitted to his crimes in his post-arrest interview, the district court found that Allegra had no actual innocence claim and thus that the court had no jurisdiction to hear his Section 2241 petition. *Id.* ECF 10 at 3–6. Again, for more on *habeas* jurisdiction, *see* Section III.A., *infra*.

production of the same. The government again failed to respond. Mistakenly reading acquiescence into the government's silence, I granted Allegra's motion to compel. In October 2025, Allegra moved to vacate his conviction, arguing more or less that the government's failure to turn over his bill of indictment showed that he had never lawfully been indicted in the first place. The government did not respond to that motion either, and in February 2026 Allegra filed another motion asking me to vacate his conviction.

At this point I set a hearing for March 11, 2026. Allegra's counsel could not attend that hearing date. In an effort to secure a postponement, on March 9, 2026, Allegra's counsel reached out to the U.S. Attorney's office for, apparently, the very first time. After the close of all civil and post-conviction litigation related to Allegra's criminal case, no government prosecutor remained assigned to the case, and no one had been receiving electronic notifications of Allegra's filings or my minute entries. The government first became aware of what was going on by way Allegra's counsel's request for a postponement.

Now alerted to the litigation on the docket, the government on March 10 filed a motion to vacate my September 2025 order granting Allegra's motion to compel. I then continued the March 11 hearing and set a briefing schedule for the original August 2025

motion for the grand jury materials. That motion, the government's response, and Allegra's reply are before me.

## II.

Before turning to why I lack jurisdiction to hear Allegra's claims, I want to outline what they appear to be. I write "appear" because, as I detail below, Allegra has tried to shield a collateral attack behind a request for documents and declined, in his reply to the government's motion to vacate my order, to develop his underlying theory of relief.

Despite the caginess of Allegra's filings, it seems clear that the argument he plans to advance with the help of the grand jury transcripts and the bill of indictment is the same one that he tried in his motion to vacate my denial of his original *habeas* petition and repeated before the District Court in Michigan: that the government secured an indictment for a cocaine-related crime when all the cocaine involved was ultimately fictitious.

In the purported *habeas* petition Allegra filed in January 2025, he alleges that he will expose "[p]rosecutorial [m]isconduct," although he does not specify what kind. ECF 256 at 7. In his original motion to compel, Allegra writes that this misconduct took place before the grand jury. ECF 258 at 1. And Allegra told the Michigan court what that misconduct was: "The government knowingly and willfully fabricated evidence to the

7

grand jury," meaning the fictitious cocaine, "with the sole purpose of getting a conviction for a crime that does not exist." *Allegra v. Hemingway*, Dkt. No. 2:21-CV-11143-TGB-APP, ECF 1 at 5 (E.D. Mich. Apr. 22, 2021).

In his 2021 Rule 60(b) motion and the Michigan case, Allegra has described his having been indicted under those circumstances as constituting 'fraud' or as proving his 'actual innocence.' The argument Allegra is actually making goes not to fraud or innocence but to what is called "factual impossibility," which describes a situation wherein "the defendant's attempted objective is illegal, but an unanticipated external circumstance prevents him from bringing off that illegal objective." 2 Criminal Practice Manual § 43:2. Because those circumstances can confuse the lay person, it is usually drummed into every budding lawyer in school that "[f]actual impossibility or mistake of fact is not a defense to an attempt charge," which is the kind of charge for which the grand jury indicted Allegra.[4] *United States v. Black*, 104 F.4th 996, 1002 (7th Cir. 2024) (cleaned up).

---

[4] Factual impossibility is specifically not a defense in Allegra's case because the grand jury indicted Allegra for an "inchoate" crime, one which never reached fruition. He was indicted, and convicted, of an attempt to possess cocaine. Title 21 Section 841(a) of the United States Code makes it "unlawful for any person knowingly or intentionally...[to] possess with intent to...distribute...a controlled substance." Cocaine is a controlled substance. *Id.* § 841(b). Section 846 then reads that

### III.

Even were Allegra's apparent theory of relief not meritless, I cannot address it because I lack jurisdiction to consider it.

#### A. *Habeas* Petitions and Jurisdiction

First off, a petitioner seeking *habeas* relief from a federal sentence must be "in custody." 28 U.S.C. § 2255(a). Once a prisoner has been released and is no longer on supervised release, he is no longer "in custody," and I can no longer afford him any relief pursuant to a writ of *habeas corpus*. *United States v. Correa-De Jesus*, 708 F.2d 1283, 1285 (7th Cir. 1983).

Second, even if Allegra were in custody or could articulate a theory of custody, I would still lack jurisdiction to hear him because of the restrictions on second or subsequent *habeas* petitions. The Congress codified and narrowed state and federal prisoners' access to the writ of *habeas corpus* in the Antiterrorism

---

"[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense." It is thus a crime to attempt to possess cocaine.

Because Allegra agreed to transport forty-five kilograms of cocaine and then attempted to do so, it is immaterial that, unbeknownst to him, the informant with whom he was coordinating provided suitcases which did not in fact contain forty-five kilograms of cocaine. *See* OFFENSE, Black's Law Dictionary (12th ed. 2024) ("—inchoate offense (1809) A step toward the commission of another crime, *the step in itself serious enough to merit punishment*.") (emphasis added).

and Effective Death Penalty Act ("AEDPA") of 1996. Under AEDPA, a federal prisoner must generally file a petition for relief pursuant to 28 U.S.C. § 2255 in the court which sentenced him. Allegra did that back in 2018, meaning that what is before me is a second or subsequent petition.

A prisoner wishing to file a second or subsequent petition under Section 2255 may only do so by establishing the existence of one of two criteria in Section 2255(h): (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish...that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive...by the Supreme Court, that was previously unavailable." Allegra has two problems with meeting this requirement. First, he has not raised new evidence—he and his attorneys were aware of the text of his indictment at the time of his indictment—and the evidence he has raised would not in any scenario entitle him to relief. And second, the Supreme Court has not announced any new constitutional rule which would make factual impossibility a defense.

But there is an even more fundamental issue. Before Allegra is allowed to attempt to make his new arguments before me, he has to get permission to file a second or subsequent *habeas* petition from the Seventh Circuit by establishing one of the two criteria

in Section 2255(h). 28 U.S.C. § 2244(a)(3)(A). Where, as here, a litigant has failed to secure the relevant Court of Appeals's permission to file a second or subsequent *habeas* petition, the district court lacks jurisdiction to hear it. *United States v. Scott*, 414 F.3d 815, 816–17 (7th Cir. 2005).

Now, Allegra might reply (I have to speculate, given that his actual reply, whose argument I will turn to last, is unhelpful) that his motion for grand jury materials is not a *habeas* petition and has nothing to do with a *habeas* petition. Whether or not I would be inclined to believe that in a vacuum, Allegra tipped his hand, like the defendant in *Scott*, by filing his February 2025 *habeas* petition in this case (and his 2021 *habeas* petition along the same lines in Michigan). Like the defendant in *Scott*, who was also requesting grand jury materials, Allegra "told the district judge, point blank, that he is challenging the legality, constitutionality and authenticity of the instant indictment," which means he has made a "claim for collateral relief" governed by AEDPA. *Id.* at 817. And given that his motion constitutes a second or subsequent collateral attack made without the benefit of

permission from the Seventh Circuit, I lack jurisdiction to consider it.[5] *Id.*

And to exhaust all possibilities under this rubric, I cannot consider Allegra's motion by treating it as a true *habeas* petition under 28 U.S.C. § 2241, either. Allegra framed his last petition in this case, as well as his petition in Michigan, under not Section 2255 but Section 2241.

Section 2255 has a "savings clause" which allows petitioners to evade the stringent requirements of Section 2255(h) for second or subsequent petitions. Under the savings clause, contained in 2255(e), prisoners may pursue a collateral attack outside of 2255 where "the remedy by motion [under this subsection] is inadequate or ineffective to test the legality of his detention." Courts have

---

[5] I would also note that one other kind of collateral attack, a writ of error *coram nobis*, which Allegra wrote in his motion to compel that he was preparing, is likewise unavailable.

In the first place, application for a writ of *coram nobis* requires the litigant to identify a violation of his fundamental constitutional rights. *U.S. v. Morgan*, 346 U.S. 502, 512–13 (1954). Allegra, as I have explained above, has failed to identify any violation of his rights, constitutional or otherwise.

In the second place, no matter what error Allegra might eventually purport to have identified, he has delayed so long in pointing it out that a writ of *coram nobis* would almost certainly be barred by *laches*. *See United States v. Correa-De Jesus*, 708 F.2d 1283, 1286–87 (7th Cir. 1983).

12

found that, in that rare circumstance, relief then reverts to Section 2241, which codifies the originally common-law power of federal courts to grant writs of *habeas corpus*. *See Robinson v. Lammer*, 162 F.4th 853, 854–55 (7th Cir. 2025).

Here, Allegra runs into two problems, both equally fatal, and both downstream of the original issue, which is that Allegra has not articulated any valid legal problem with his conviction. The initial stumbling block is that to obtain *habeas* relief under Section 2241, as under Section 2255, Allegra needs to be serving a sentence, and he is not. 28 U.S.C. § 2241(c). The second obstacle is that the theories of error which Section 2255 has been found inadequate to cure are even narrower than those it does. *See Purkey v. United States*, 964 F.3d 603, 611–18 (7th Cir. 2020); *see also* Postconviction Remedies § 5:7. It is immaterial what those theories are, though, because the theory that Allegra wishes to put forward—an inadequate indictment—was cognizable under Section 2255, meaning it does not fit under that section's savings clause. *See Jones v. Hendrix*, 599 U.S. 465, 472–76 (2023).

### B. The Government's Failure to Respond

I have been making Allegra's arguments for him in the previous sections because he declined to reply in substance to the government's response to his motion for disclosure of the bill of indictment and the grand jury materials. He instead advanced only

one position: "[I]t is an undisputable truth that the United States failed to oppose Mr. Allegra's motion when ordered to do so by the Court. They forfeited their right to contest the relief sought by Mr. Allegra." ECF 271 at 2, 1-6.

Allegra is correct that the government failed to respond either to his motions or to my order. His problem is that the decision to reconsider my original order lies in my discretion, and while there may be some blame to go around, the equities do not weigh in his favor, all the other reasons I cannot grant him relief notwithstanding. It is true that the United States government could probably spare the capacity to review all of the electronic filings that come in on every case in which it has ever been involved. But it is also true that, given the size of the federal judicial system and the ease with which those filings can be made, it would be a questionable use of resources to monitor decades of defunct criminal dockets.

What seems more pertinent is that the Local Rules in this district enjoin any litigant thinking about moving for discovery or production to discuss such a motion with opposing counsel before filing it. L.R. 37.2. And more fundamentally, counsel on a case should be in communication with one another, rather than dropping motions onto a long-closed docket and hoping that the other side

fails to notice them. The government's failures to respond are both excusable and excused.

**IV.**

There are no grounds under which I can entertain either jurisdiction for or the granting of Allegra's original August 2025 motion for production of the bill of indictment and grand jury materials. As such, I grant the government's motion to vacate my September 2025 order granting that motion. I deny the August 2025 motion for production, the September 2025 motion to compel, and the October 2025 and February 2026 motions to vacate conviction.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: June 24, 2026

15